UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Earl R. St. Claire,**

Plaintiff,

v.

**Joan Fabian,
Connie Roerich,
Lois Wakefield,
Jim Lyons,
Eric Skon,
John Doe(s),**

Defendants.

Civil No. 05-1237 (JMR-JJG)

**REPORT
AND
RECOMMENDATION**

---

The above matter is before this Court on the defendants' motion for summary judgment (Doc. No. 22). Plaintiff Earl St. Claire is proceeding on his own behalf. The defendants are represented by Mark B. Levinger, Assistant Minnesota Attorney General. The motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Mr. St. Claire (St. Claire) seeks damages and injunctive relief under 42 U.S.C. § 1983 related to his incarceration at a Minnesota state prison in Faribault. He asserts that the defendants violated due process through their failure to provide him with adequate access to the courts and to counsel. The defendants now bring a motion for summary judgment, which St. Claire has not opposed.

### I.  BACKGROUND

St. Claire has been incarcerated at the Minnesota state prison in Faribault since June 2001. (Aff. of L. Wakefield, Apr. 27, 2001 at 2.)  Through kites in September and October 2001, St. Claire asked

that he be allowed to place telephone calls to his attorney, who was working on an appeal of a criminal conviction in the Minnesota state courts. (Pl.'s Exh. 1.)[1]

Defendant Lois Wakefield, a prison case worker assigned to St. Claire, answered his request. She informed him that such contacts would not be authorized unless his counsel agreed to receive telephone calls. This agreement was not forthcoming,[2] and therefore, Ms. Wakefield (Wakefield) did not allow St. Claire to place telephone calls to his counsel. (Aff. of L. Wakefield, Apr. 27, 2001 at 3, 4.)

Around the same time, St. Claire also had an appeal pending in the North Dakota courts. By a kite on November 9, 2001, St. Claire asked for permission to attend a hearing before the Supreme Court of North Dakota in November 2001.

Defendant Connie Roehrich, warden of the Faribault prison, denied the request by a letter on November 27, 2001. She explained that the prison was not responsible for arranging furloughs to attend court proceedings, and that arrangements had to be made through an order from the relevant court. (Pl.'s Exh. 7.) St. Clair had in fact asked the Supreme Court of North Dakota for permission to attend the hearing, which that court denied by an order on November 21, 2001. (Aff. of J. Carter, Apr. 26, 2006, Exh. 6.)

---

[1] Although St. Claire has not submitted exhibits or affidavits against summary judgment, he did submit a lengthy appendix (Doc. No. 9) on July 28, 2005, in support of a motion to amend his complaint. This Court recognizes that, under Rule 56(e), these matters are outside the scope of matters that may be examined on a motion for summary judgment. *See Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). But the defendants have relied on the documents in this appendix, and in order to provide meaningful context for their motion here, this Court will cite to St. Claire's appendix as needed.

[2] Though St. Claire sent a letter to his counsel on August 16, 2001, the record does not reflect whether his counsel ever consented to telephone calls. (Aff. of J. Carter, Apr. 26, 2006, Exh. 1 at 2-3.)

2

St. Claire also had a child support proceeding pending in a North Dakota state district court in 2003. By an order on May 21, 2003, the court informed St. Claire that he could participate in a hearing on June 23, 2003 by telephone. (Pl.'s Exh. 11.) By a kite on June 3, 2003, St. Claire asked for this telephone conference to be set up. (Pl.'s Exh. 12.)

Wakefield, who handled this communication, contends that St. Claire did not attach a copy of the May 21 order. (Aff. of L. Wakefield, Apr. 27, 2006 at 5.) Perhaps for this reason, Wakefield responded on June 4, 2003 with the following message:

> If North Dakota wants you to appear by telephone for this hearing, they will need to call me and make the arrangements. So far I've heard nothing from them. I don't call the court to set this up, the court makes arrangements with us.

(Pl.'s Exh. 12.) St. Claire challenged this determination by another kite on June 8, 2003. (Pl.'s Exh. 13.) This kite was answered by defendant Jim Lyons, Wakefield's supervisor. Lyons emphasized that the court needed to inform the prison before a telephone hearing would be scheduled. (Pl.'s Exh. 14.)

The record does not indicate whether St. Claire made further efforts to schedule a telephone conference. But through a letter on June 18, 2003, the presiding judge for the June 23 hearing asked Faribault prison officials to help arrange the telephone conference. (Pl.'s Exh. 16.) According to Wakefield, the letter "did not arrive at [the prison] for several days and did not come to my attention until June 25, 2003." (Aff. of L. Wakefield, Apr. 27, 2006 at 6.) Although St. Claire contends that he received the letter on June 23, other prison documents show it did not arrive at the prison until June 24. (Pl.'s Exh. 20 at 3.) At the June 23 hearing, the North Dakota district court ruled that St. Claire was liable for $135 per month in child support. (Pl.'s Exh. 18.)

St. Claire appealed the child support ruling to the Supreme Court of North Dakota, which issued a published decision. *St. Claire v. St. Claire*, 675 N.W.2d 175 (N.D. 2004). He evidently did not contest that he was liable for the child support.[3] St. Clair instead argued, for reasons that are not clear, that the district court should have imposed a *higher* child support payment. The Supreme Court of North Dakota rejected this argument and observed that, even if a greater obligation was required, the error would not harm St. Claire. *Id.* at 178-79.

## II.   ANALYSIS

A party is entitled to summary judgment where the record shows there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Cordry v. Vanderbilt Mortgage & Finance, Inc.*, 445 F.3d 1106, 1109-10 (8th Cir. 2006). When examining whether there are issues of material fact, all reasonable inferences are taken in favor of the nonmoving party. *Johnson v. Metropolitan Life Ins. Co.*, 437 F.3d 809, 812-13 (8th Cir. 2006).

An issue of material fact exists where there is sufficient evidence for a jury to reasonably find for the nonmoving party. *Bass v. SBC Communications, Inc.*, 418 F.3d 870, 873 (8th Cir. 2005). When opposing summary judgment, the nonmoving party has the burden to establish an issue of material fact, through affidavits alleging evidence that would be admissible at trial. Fed. R. Civ. P. 56(e); *Horn v. University of Minnesota*, 362 F.3d 1042, 1045 (8th Cir. 2004). Where the nonmoving party fails to

---

[3] St. Claire also argued that the district court denied him due process by allowing the June 23 hearing in his absence. Consistent with facts alleged in the current litigation, the Supreme Court of North Dakota observed that officials at the Faribault prison did not receive the notice in time to make arrangements for the telephone conference. The court ultimately ruled that its lower court did not violate due process. *Id.* at 177. This outcome, however, is not relevant to the issues presented by the parties in the current litigation.

4

allege any facts that support of an essential element of a claim, summary judgment on that claim is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### A.   Subject Matter Jurisdiction

At the outset, the defendants argue that this Court lacks subject matter jurisdiction over the claims. The defendants contend that, because they are acting in their official capacity under state law, the Eleventh Amendment bars the exercise of subject matter jurisdiction over them.

The Eleventh Amendment ordinarily bars actions for damages against state governments in federal courts. *Seminole Tribe of Florida v. Florda*, 517 U.S. 44, 54-55 (1996). This bar extends to actions for damages against state employees acting in an official capacity, but not actions against those acting in a personal capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

If a complaint does not indicate whether a state employee is acting in an official or a personal capacity, then it is interpreted to only provide for suit against the employee in an official capacity. Under these circumstances, it is appropriate to dismiss claims for damages for lack of subject matter jurisdiction. *Egerdal v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619-20 (8th Cir. 1995). A plaintiff may avoid dismissal, however, by clearly stating that the action is against state employees in both their official and personal capacities. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Before the defendants initially filed their answer here, St. Claire filed an amended complaint. The defendants have not challenged service or filing of the amended complaint, and they answered the amended complaint on October 26, 2005. St. Claire states, on the second page of his amended complaint, "All defendants are being sued in both their professional and individual capacities." This statement is sufficient to avoid the Eleventh Amendment bar, and it permits the exercise of subject matter jurisdiction over the

claims for damages here.

### B.     Due Process Violations

St. Claire principally alleges that the defendants violated due process by inhibiting his access to courts and counsel. In their motion for summary judgment, the defendants assert that they are entitled to qualified immunity from this claim.

When a defendant receives qualified immunity to actions under 42 U.S.C. § 1983, a plaintiff cannot recover damages but may proceed with claims for injunctive relief. *See Behrens v. Pelletier*, 516 U.S. 299, 311-12 (1996); *see also Grantham v. Trickey*, 21 F.3d 289, 295-96 (8th Cir. 1994). A state employee is entitled to qualified immunity unless that person violated a clearly established constitutional right and that person knew or should have known the right was clearly established. *Henderson v. Munn*, 439 F.3d 497, 501-02 (8th Cir. 2006).

For the first element of this standard, a court focuses on whether the defendant violated a clearly established right. *Plemmons v. Roberts*, 439 F.3d 818, 822 (8th Cir. 2006). St. Claire alleges that the defendants inhibited his access to the courts in violation of his due process rights. Though he separately claims that the defendants retaliated against his use of prison grievance procedures, he also alleges that the defendants retaliated by inhibiting his access to the courts. So both claims share the same underlying issue.

For a prisoner to demonstrate a violation of due process based on lack of access to courts or counsel, the actions of prison officials must negatively affect the outcome of a court proceeding against the prisoner. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Thus where a prisoner fails to show evidence of how court proceedings are affected, no due process violation occurs and the claim fails as a matter of law. *Johnson v. Hamilton*, 452 F.3d 967, 973-74 (8th Cir. 2006).

In his complaint, St. Claire alleges a series of incidents where the defendants inhibited his access to courts and counsel. Because he has not responded to the defendants' motion for summary judgment, there is no evidence showing that these incidents negatively affected the outcome of any court proceedings. So this Court may appropriately conclude that no due process violation occurred for this reason.

Assuming for the sake of argument that other matters in the record may be considered, St. Claire has not demonstrated how any events in 2001 negatively affected his appeals in the Minnesota and North Dakota courts. Regarding the child support proceeding in 2003, St. Claire contends that he was harmed by his inability to attend the June 23 hearing. But he does not assert that, but for his absence, the outcome would be different. And in his ensuing appeal, St. Claire did not challenge the child support obligation and instead argued for a *higher* amount. There is no indication that his absence negatively affected him, and these facts also suggest that no due process violation occurred.

Because there is no evidence that the defendants violated a clearly established constitutional right, they are entitled to qualified immunity. So the defendants are entitled to summary judgment on claims for damages. This result, however, does not address any outstanding claims by St. Claire for injunctive relief.

These claims are founded on the same due process violations that supported the claims for damages. Because this Court has concluded that no constitutional violation occurred, St. Claire has no remedy under 42 U.S.C. § 1983 in any case. For this reason, he has no recognizable claims that survive summary judgment, and it is appropriate for his claims to be dismissed with prejudice. *See Johnson*, 452 F.3d at 973-74.

### III. CONCLUSION

Because St. Claire brought action against the defendants in both their official and personal capacities, this action is not barred by the Eleventh Amendment, and claims for damages need not be dismissed for lack of subject matter jurisdiction. Because St. Claire has not opposed summary judgment, there is no evidence that the defendants have violated a clearly established constitutional right. The defendants are, therefore, entitled to qualified immunity from claims for damages under 42 U.S.C. § 1983. Consistent with this outcome, there are no constitutional violations that would support any surviving claims for injunctive relief. This Court concludes that it is appropriate to grant the defendants' motion for summary judgment and to dismiss this action with prejudice.

### IV. RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The defendants' motion for summary judgment (Doc. No. 22) be **GRANTED.**

2. This matter be **DISMISSED WITH PREJUDICE.**

Dated this 15th day of February, 2007.                    s/Jeanne J. Graham

                                                                              JEANNE J. GRAHAM
                                                                              United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by March 7, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.